UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:25-CV-162-JHM**

**BRETT HARRISON MOUSER**                                         **PLAINTIFF**

**v.**

**ISRAEL BERGENSON,** *et al.*                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brett Harrison Mouser filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action with leave to file a second amended complaint.

**I.**

On November 7, 2025, Plaintiff, a pretrial detainee, initiated this civil-rights action against the Hart County Jail ("HCJ") Jailer Israel Bergenson and HCJ Major Paul Gentry in their individual and official capacities for violations of his rights secured under the First, Eighth, and Fourteenth Amendments. [DN 1].

Plaintiff alleges that he has been lodged at HCJ since March 2025 and, during that time, HCJ staff placed him in solitary confinement for several months. During one of those time periods, HCJ staff housed him with a severely mentally ill inmate for "around 50 days in a single-man isolation cell." Plaintiff represents that he feared for his safety because this inmate was very aggressive, had violent tendencies, and suffered from severe mood swings. Plaintiff further alleges that he was denied the ability to contact his lawyer while he was in solitary confinement and was threatened by staff with more severe punishment if he continued to ask to contact his counsel.

Similarly, Plaintiff contends that during "some periods of isolation," he was placed "in a pretrial conference room that is not [Department of Corrections ("DOC")] compliant for inmates to be housed." Plaintiff represents that during a DOC walk-through of the jail, he was moved temporarily and was threatened by Major Gentry that if Plaintiff reported this to the DOC inspector Plaintiff would suffer "more severe punishment."

Plaintiff also asserts that he has been denied access to religious material for 20 days or more at a time. Plaintiff complains that several times during his detention he has been denied shower privileges for up to five days and denied cleaning supplies over 20 days at a time. Plaintiff maintains that he has not seen any medical doctor to be evaluated or diagnosed with any mental health issues, he is not prescribed any mental health medications, and he has not received any type of mental health counseling by the jail.

Plaintiff states that he reached out to Jailer Bergenson and "any and all staff several times" beginning on April 26, 2025, regarding his concerns. Plaintiff represents that he submitted requests and grievances on the kiosk/ipad and in paper form. Plaintiff states that these requests and grievances were ignored for several weeks and/or months.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

*See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

Plaintiff sues Defendants Bergenson and Gentry in their official capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against these Defendants are actually against their employer, Hart County.

"[A] municipality cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. at 691. When a § 1983 claim is made against a municipality or county, such as Hart County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege a policy or custom that was the moving force behind the alleged constitutional violations, but instead he alleges incidents affecting him only. Accordingly, the Court will dismiss the claims against Hart County for failure to state a claim upon which relief may be granted. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D.

Ky. Oct. 25, 2019) ("an isolated occurrence affecting only" the plaintiff would not amount to a policy or custom endorsed by the defendant for purposes of a municipal liability claim) (citing *Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999)).

### B. Individual-Capacity Claims

#### 1. Defendant Gentry

Plaintiff alleges that Defendant Gentry threatened Plaintiff that if he reported his placement in a non-regulation cell to DOC inspectors, he would suffer "more severe punishment."

The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not rise to the level of a constitutional claim); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (same); *see also Hart v. Puckett*, No. 3:24-CV-P489-JHM, 2024 WL 4819269, at *3 (W.D. Ky. Nov. 18, 2024). This single incident of alleged inappropriate communication by Defendant Gentry, while unprofessional, falls short of objectively serious behavior barred by the Fourteenth Amendment. *See Montiel v. Johnson*, No. 1:25-CV-122, 2025 WL 807756, at *10 (W.D. Mich. Mar. 14, 2025) (dismissing pretrial detainee's Fourteenth Amendment claim); *Cates v. Henderson Cnty. Det. Ctr.*, No. 4:22CV-P160-JHM, 2023 WL 3015289, at *3 (W.D. Ky. Apr. 19, 2023) (same); *Goodwin v. Vanburn*, No. 7:22-cv-00164, 2022 WL 1240434 at * 3 (W.D. Va. Apr. 27, 2022) (same).

Accordingly, the Court will dismiss this claim against Defendant Gentry in his individual capacity for failure to state a claim upon which relief may be granted.

### 2. Defendant Bergenson

#### a. Grievances

Plaintiff alleges that Defendant Bergenson failed to respond appropriately to his grievances and his complaints. Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("there is no inherent constitutional right to an effective prison grievance procedure") (citing cases). For this reason, the denial of a grievance or the failure to act based upon information contained in a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No. 16-1771, 2017 WL 3140577 (6th Cir. Feb. 2, 2017); *see also LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional rights to an effective prison grievance procedure").

For these reasons, the Court will dismiss Plaintiff's grievance claim against Defendant Bergenson in his individual capacity for failure to state a claim upon which relief can be granted.

#### b. Other Claims

Because the complaint sets forth no other specific allegations against Defendant Bergenson, the Court assumes that Plaintiff seeks to hold him liable in his supervisory role as jailer of HCJ. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and

cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Indeed, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Thus, because Plaintiff's remaining claims against Defendant Bergenson are not based on any active unconstitutional conduct, but rather a failure to act based upon Plaintiff's reports to him, the Court concludes that Plaintiff's individual-capacity claim against Defendant Bergenson must also be dismissed for failure to state a claim upon which relief may be granted.

### C. Amended Complaint

Although the Court is dismissing this action for the above-stated reasons, the dismissal will be without prejudice and with leave for Plaintiff to file an amended complaint against the individual officers involved in the alleged unconstitutional conduct. *See Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend). If Plaintiff decides to file an amended complaint, he should sue the individual officer who was allegedly involved in the incident or conduct in his individual capacity and explain how the officer violated his rights.

### IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action without prejudice and with leave to amend the complaint.

**IT IS ORDERED** that any amended complaint must be filed no later than **March 17, 2026**.

The **Clerk of Court is DIRECTED** to place this case number and the words "Amended Complaint" on a § 1983 complaint form and send it to Plaintiff for his use should he choose to file an amended complaint.

Date: February 13, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014